Petition for a Writ of Habeas Corpus Under 28 U.S.C. §

# UNITED STATES DISTRICT COURT
for the

Jeremiah J. Salamon, In Propria Persona, )
_Petitioner_ )
)
v. )
)
Stevie Knight, Warden/C.E.O., )
of Fort Dix - FCI, )
_Respondent_ )

APPLICATION & PETITION
FOR ISSUANCE OF
WRIT OF HABEAS CORPUS AD SUBJICIENDUM

Case No. _____ (Supplied by Clerk of Court)

RECEIVED JAN 6 2023

CITIZEN OF STATE OF MASSACHUSETTS APPLICATION AND
PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 & §§ 2242 & 43

## Personal Information

1. (a) Your full name: Jeremiah J. Salamon
   (b) Other names you have used: N/A
2. Place of confinement:
   (a) Name of institution: Fort Dix - Federal Correctional Institution
   (b) Address: 5756 Hartford & Pointville Road
       Joint Base McGuire-Dix-Lakehurst, New Jersey 08640-0902
   (c) Your identification number: UNKNOWN (never served Notice of, nor shown existance of such.)
3. Are you currently being held on orders by: Undisclosed authority; State of
   ☐ Federal authorities   ☐ State authorities   ☒ Other - explain: New Jersey has never disclosed by
what authority it incarcerates other States Citizens as to and with its' Alien inmate Population
4. Are you currently:

   ☐ A pretrial detainee (waiting for trial on criminal charges)

   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

   If you are currently serving a sentence, provide:

   (a) Name and location of court that sentenced you: USDC of Dist. of Massachusetts, Springfield
Div., 300 State Street, Springfield, Massachusetts 01105
   (b) Docket number of criminal case: 3:09-cr-30021-01-MAP
   (c) Date of sentencing: May 24, 2011
   ☐ Being held on an immigration charge
   ☐ Other (_explain_): N/A

## Decision or Action You Are Challenging

5. What are you challenging in this petition: * I am challenging the revocation of 27 Days Good Conduct Time and additional sanctions, the procedures leading to these actions, and violations of Constitutional rights in my pursuit to appeal this matter.
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Petition for a Writ of Habeas Corpus Under 28 U.S.C.

- ☐ Pretrial detention
- ☐ Immigration detention
- ☐ Detainer
- ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
- ☒ Disciplinary proceedings
- ☐ Other *(explain)*: _____

6. Provide more information about the decision or action you are challenging:

    (a) Name and location of the agency or court: Federal Bureau of Prisons, d/b/a "Fort Dix - Federal Correctional Institution", at political subdivision located at 5756 Hartford & Pointville Road, Joint Base MDL, NJ 08640-0902

    (b) Docket number, case number, or opinion number:  Incident Report number: 3405562

    (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*: Revocation of 27 Days Good Conduct Time; Disciplinary Segregation for 60 Days (suspended 180 Days clear conduct); Loss of "Visiting" Priviledges for 180 Days; Administrative Segregation for 15 Days; Removal for employment - Unicor; Removal from Honor Housing Unit; False information placed in the BOP File on me.

    (d) Date of the decision or action: Admin Segregation, Removal from employment/housing = May 27, 2020
    All other penalties/sanctions = September 3, 2020

### Your Earlier Challenges of the Decision or Action

7. **First appeal**

    Did you appeal the decision, file a grievance, or seek an administrative remedy?
    ☒ Yes      ☐ No

    (a) If "Yes," provide: I repeatedly requested the required Form but Fort Dix Staff refused to issue.

    (1) Name of the authority, agency, or court: Bureau of Prisons, d/b/a "Fort Dix - Federal Correctional Institution", in New Jersey

    (2) Date of filing: Not Available, Fort Dix Staff personnel repeatedly refused to provide Form

    (3) Docket number, case number, or opinion number: N/A

    (4) Result: N/A

    (5) Date of result: N/A

    (6) Issues raised: N/A

    (b) If you answered "No," explain why you did not appeal: N/A

8. **Second appeal**

    After the first appeal, did you file a second appeal to a higher authority, agency, or court?
    ☐ Yes  N/A    ☐ No

Petition for a Writ of Habeas Corpus Under 28 U.S.C. §

(a) If "Yes," provide:

  (1) Name of the authority, agency, or court: N/A

  (2) Date of filing: N/A
  (3) Docket number, case number, or opinion number: N/A
  (4) Result: N/A
  (5) Date of result: N/A
  (6) Issues raised: N/A

(b) If you answered "No," explain why you did not file a second appeal: N/A

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☐ Yes  N/A  ☐ No

(a) If "Yes," provide:

  (1) Name of the authority, agency, or court: N/A

  (2) Date of filing: N/A
  (3) Docket number, case number, or opinion number: N/A
  (4) Result: N/A
  (5) Date of result: N/A
  (6) Issues raised: N/A

(b) If you answered "No," explain why you did not file a third appeal: N/A

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes    ☒ No

If "Yes," answer the following:

(a)  Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
    ☐ Yes  N/A  ☐ No

Petition for a Writ of Habeas Corpus Under 28 U.S.C. §

If "Yes," provide:
(1) Name of court: N/A
(2) Case number: N/A
(3) Date of filing: N/A
(4) Result: N/A
(5) Date of result: N/A
(6) Issues raised: N/A

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes    ☒ No

If "Yes," provide:
(1) Name of court: N/A
(2) Case number: N/A
(3) Date of filing: N/A
(4) Result: N/A
(5) Date of result: N/A
(6) Issues raised: N/A

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: N/A

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes    ☒ No

If "Yes," provide:
(a) Date you were taken into immigration custody: N/A
(b) Date of the removal or reinstatement order: N/A
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes    N/A    ☐ No

Petition for a Writ of Habeas Corpus Under 28 U.S.C. §

If "Yes," provide:
(1) Date of filing: N/A
(2) Case number: N/A
(3) Result: N/A
(4) Date of result: N/A
(5) Issues raised: N/A

(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes   ☒ No
If "Yes," provide:
(1) Name of court: N/A
(2) Date of filing: N/A
(3) Case number: N/A
(4) Result: N/A
(5) Date of result: N/A
(6) Issues raised: N/A

12. **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes   ☒ No
If "Yes," provide:
(a) Kind of petition, motion, or application: N/A
(b) Name of the authority, agency, or court: N/A

(c) Date of filing: N/A
(d) Docket number, case number, or opinion number: N/A
(e) Result: N/A
(f) Date of result: N/A
(g) Issues raised: N/A

Petition for a Writ of Habeas Corpus Under 28 U.S.C. §:

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** False information placed in the record (Exhibit A) by SIS Lieutenant M. Fernandez, in the absence of evidence, and subsequently relied upon by J. Darden to conclude guilt in the matter. Furthermore, the finding of guilt and all resulting information entered into the Inmate Record compiled on me by Fort Dix - FCI Staff and retained by the Bureau of Prisons is incorrect and false. I have a Liberty Interest as well as a Due Process Right to a correct and accurate record on file, and to have a Hearing Conducted with the same.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
In disciplinary proceedings, there is a Right not to be found culpable or guilty on the basis of information that is materially false. As such, J. Darden acknowledges that the record is inaccurate, noting in the Disciplinary Hearing Officer Report my objection, "I believe the statement provided in the incident report was not accurate. My witness appears to agree with what happened and he gave another statement that is not in the report. I was being assaulted and had no avenue of escape. I had to defend myself..." Nonetheless, J. Darden deliberately ignored this key factor, refused to obtain accurate information, and conducted the Disciplinary Hearing anyway. With no evidence, J. Darden came to a conclusion based on a false record.                                    See Memorandum - "GROUND ONE"

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes          ☐ No          N/A

**GROUND TWO:** I did not "fight" Shawn Rockey! I did not hit, punch, kick, or assault him in any way.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
I was assaulted by Shawn Rockey, a much larger person who was armed with a weapon. My being trapped between this armed assailant who was attacking me and an immovable concrete bench, left me with no choice but to act in self-defence and protect myself. In the investigation context, a reasonably competent investigator will attempt to learn all the facts of the case and communicate the results accurately. Here, the evidence of numerous eye witness statements show that I was in fact attacked by Shawn Rockey and that I did not "fight" him; See Affidavits.
                                                                                                    See Memorandum - "GROUND TWO"
(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☐ No          N/A

**GROUND THREE:** The Bureau of Prisons, nor the Fort Dix - FCI Administration does not provide guidance or procedures for conflict resolution, de-escalation techniques or how to respond to being assaulted.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
It is well settled that the Eighth Amendment entitles prisoners to protection from bodily harm at the hands of fellow prisons, and as such, the Bureau of Prisons, and as a subsidiary, the Fort Dix - FCI Administration have a responsibility to establish and maintain measures that prevent unnecessary and wonton pain. The lack of such amounts deliberate indifference. To cover for this inadequacy and Constitutional violation, they claim the prisoners are at fault in resulting situations.                                    See Memorandum - "GROUND THREE"

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☐ No          N/A

GROUND FIVE: It is well established that a prisoner in a Disciplinary Hearing has a Right to an Impartial Disciplinary Hearing Officer. J. Darden, a Staff Officer of Fort Dix - FCI, calling himself a "Disciplinary Hearing Officer" is not Impartial.

(a) Supporting facts:
J. Darden is a Staff Officer at Fort Dix - FCI, and has been for many years. J. Darden works on a daily basis along side Lieutenant M. Fernandez and all the other Staff of Fort Dix - FCI, and in determining a finding of not guilty in a Disciplinary Hearing would be contray to that of his co-workers and superiors, creating an obvious bias and conflict of interest. This conflict may jeopardize his current employment or future advancement. For these reasons, he is incapable of being an Impartial Hearing Officer and fact-finder.
See Memorandum - "GROUND FIVE"

GROUND SIX: Not being allowed any witnesses or witnesses statments on my behalf is a violation of my Procedural Due Process Right.

(a) Supporting facts:
Pursuant to well established law, of the many rights afforded a prisoner in a Disciplinary Hearing, is that of being able to provide evidence, including documentation and witnesses to establish and support a defense. In the instant matter, I requested witness Edward Leon, among others, but J. Darden, contrary to Due Process Rights repeatedly denied my requests for witnesses. Therefore, eye witness statements which would have been documented evidence were not taken in good faith or consideration by J. Darden to corroborate with my testimony and written statement of self-defence. Instead, J. Darden states in the Disciplinary Hearing Officer Report, Section III, C. Witnesses, 4. "[T]he DHO believed this witness statement would be adverse due to his knowledge of the incident report..." If witnesses were called they would have corrected the record, as they have now done in Affidavits.
See Memorandum - "GROUND SIX"

GROUND SEVEN: All attempts to grieve or appeal this matter through the Adminstrative Remedy Procedures of the Bureau of Prisons as required by the Prison Litigation Reform Act for judicial redress were thwarted and denied by Fort Dix - FCI Staff. Staff, through gatekeeping, screening methods, unwritten procedures, and the denial of required Grievance and Appeal Forms, blocked my Right of Access to the Court.

(a) Supporting facts:
The Right of Access to Courts is a very important Right, since it protects all other Rights, including and especially to all prisoners, and it is supposed to be adequate, effective and meaningful. In addition, there are other related claims under the Constitutional provision - the First Amendment Right of free speech. The Fort Dix - FCI Staff interference made it impossible to grieve, appeal or redress this matter and block my Right of access to the Court.
See Memorandum - "GROUND SEVEN"