# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| JEREMIAH J. SALAMON, | : | Civ. Action No. 23-2220 (RMB-AMD) |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| STEVIE KNIGHT, | : | |
| | : | |
| Defendant | : | |
| | : | |

BUMB, Chief United States District Judge

Plaintiff Jeremiah J. Salamon is an inmate in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). Compl. at 1, Dkt. 1-1.[1] In another action filed in this Court, Plaintiff submitted a hybrid petition for writ of habeas corpus/civil rights action, concerning a prison disciplinary proceeding held on September 2, 2020, where he was sanctioned with loss of good conduct time and additional penalties. *Salamon v. Knight*, Civil Action No. 23-72 (RMB), Dkt.

---

[1] Plaintiff is proceeding pro se. Thus, the Court has liberally construed the memorandum of law attached to Plaintiff's complaint as part of the complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding courts must liberally construe documents filed pro se). In determining Defendant's motion to dismiss, the Court has considered only the factual allegations, but not the legal arguments presented in Plaintiff's complaint. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (district courts may disregard legal conclusions in a complaint). The Court has, however, considered the legal arguments in Plaintiff's brief in opposition to Defendant's motion to dismiss in this matter.

1.  This Court entered an order in that action, severing Plaintiff's habeas and civil rights claims and directing the Clerk to open a new civil action.  *Id.*, Dkt. 3. Plaintiff then supplemented his civil rights complaint in this action.  Suppl. Compl., Dkt. 5.  Upon screening the supplemented complaint, this Court permitted two claims for injunctive relief to proceed, an Eighth Amendment claim based on Warden Stevie Knight's alleged failure to protect Plaintiff from assault by another inmate (Ground Three); and a Fifth Amendment due process claim based on a prison disciplinary hearing officer's ("DHO") failure to call Plaintiff's requested witnesses or alternatively to require written statements from those witnesses.[2]  Compl., Dkt. 1 and 5; Opinion, Dkt. 8; Order, Dkt. 9.

This matter comes before the Court on Defendant's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction, and 12(b)(6) for failure to state a claim ("Mot. to Dismiss" Dkt. 20); Plaintiff's brief in opposition to Defendant's motion to dismiss ("Pl's Opp. Br." Dkt. 23); and Defendant's reply brief ("Def's Reply Br." Dkt. 24).[3]  For the reasons discussed below, the Court will grant Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1).[4]

[2] Subject matter jurisdiction over Plaintiff's federal constitutional claims for equitable relief arises under 28 U.S.C. § 1331.

[3] Local Civil Rule 7.1(d)(6) provides that no sur-replies may be filed without permission of the assigned Judge.  Plaintiff filed a sur-reply without permission, Dkt. 25, and the Court will not consider it.

[4] Based on this Court's finding that it lacks jurisdiction, the Court need not address Defendant's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## I. THE COMPLAINT

In support of his Eighth Amendment failure to protect inmate safety claim, Plaintiff alleges that on May 27, 2021, in Housing Unit 5841 in FCI Fort Dix, an inmate ("Rockey"), started a verbal argument with Plaintiff in the television room. Compl. at 8-9, Dkt. 1-1. Plaintiff responded verbally, which prompted Rockey to physically assault Plaintiff. *Id.* Plaintiff, who was sitting on a concrete bench in the television room, was trapped with Rockey standing over him, punching him in the head. *Id.* He could not escape Rockey's punches without "plow[ing] into him." *Id.* When Rockey blocked the doorway, threatened Plaintiff by waving his cane at him, and attacked Plaintiff again, Plaintiff shoved Rockey to the ground. *Id.* Plaintiff was charged and disciplined for fighting with another inmate. *Id.* He later learned Rockey had mental health issues and an extensive and well-known history of assaulting other inmates, including assault with a weapon. Compl. at 39, Dkt. 1-1. Plaintiff alleges FCI Fort Dix staff, including Defendant Warden Stevie Knight, knew or should have known of Rockey's violent propensities. *Id.* Defendant's failure to train Plaintiff (and inmates in general) in conflict de-escalation techniques to use when confronted with aggressive and mentally unstable persons caused Plaintiff's injury. *Id.* at 39-42. Additionally, Plaintiff alleges Defendant failed to maintain FCI Fort Dix free from hazards to inmate safety, an affixed concrete bench, and failed to provide security measures such as cameras and distress buttons for inmates to seek immediate assistance when assaulted. *Id.* For injunctive relief on his

Eighth Amendment failure to protect claim, Plaintiff seeks training for all staff and prisoners at FCI Fort Dix on conflict de-escalation methods to respond to aggressive or mentally unstable inmates. Compl. at 78, Dkt. 1-1. Plaintiff also seeks injunctive relief to maintain security cameras in all common areas at FCI Fort Dix, as well as installation of distress buttons to protect inmate safety. *Id.* Finally, Plaintiff seeks to have all affixed concrete benches removed from FCI Fort Dix, Unit 5841. *Id.* at 79.

In Ground Six of the complaint, Plaintiff alleged he was denied due process when a disciplinary hearing officer refused to permit him to present witnesses to contest the facts in the incident report about the altercation with Rockey. Compl. at 57-63, Dkt. 1-1. When Plaintiff was first interviewed about his alleged fight with Rockey by a Special Investigations Section ("SIS") Lieutenant, Plaintiff identified "E.L" and "Wilson" as witnesses, and he requested to call any other witnesses who were identified later. *Id.* at 54. At his disciplinary hearing, Plaintiff was informed by his staff representative that he had been unable to obtain witness statements, but Plaintiff would be permitted to call witnesses at the hearing. *Id.* at 57. At the hearing, however, the DHO refused to call witnesses, without giving a reason. *Id.* In making his finding that Plaintiff was guilty of fighting with Rockey, the DHO explained he did not permit E.L. to testify because his narrative was summarized in the incident report and other investigative materials. *Id.* at 59. The DHO also noted other witnesses were permitted to submit written statements, and those that were submitted were considered. *Id.* Plaintiff alleges he was deprived of his due process right to present witnesses at a prison disciplinary hearing. *Id.* at 63. For injunctive

relief, Plaintiff seeks an injunction requiring all inmates be permitted to call and present any requested witness testimony at prison disciplinary hearings, if doing so does not interfere with institutional security, and alternative to live testimony, inmates be permitted to provide written statements from witnesses.  Compl. at 77, Dkt. 1-1.

## II.  DISCUSSION

### A.  Rule 12(b)(1) Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim.  There are two types of attacks on jurisdiction under Rule 12(b)(1), facial and factual, and courts must determine which type of attack a movant is presenting.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  A facial attack asserts the claim, on its face, does not present a question of federal law or contains some other jurisdictional defect.  *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).  In reviewing a facial attack on jurisdiction, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  *Id.* (cleaned up).

In contrast, a factual attack on jurisdiction requires a factual dispute.  *Id.* When presented with a factual attack on jurisdiction, courts do not presume the plaintiff's allegations to be true, the burden is on the plaintiff to prove jurisdiction, and courts may make factual findings from extrinsic evidence to determine

jurisdiction. *CNA v. United States*, 535 F.3d 132, 145 (3d Cir. 2008), *as amended* (Sept. 29, 2008).

### B.  Article III Case or Controversy:  Standing and Mootness Doctrines

Article III, Section 2 of the United States Constitution authorizes federal courts to hear "Cases" or "Controversies."  This is a limitation on federal court jurisdiction, from which the doctrines of standing and mootness arise. *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000).  Standing represents a plaintiff's personal stake in the outcome of the case. *Lewis v. Gov't Emps. Ins. Co.*, 98 F.4th 452, 459 (3d Cir. 2024).  For a pleading to establish a plaintiff's standing to bring a particular claim, it must assert:  "(1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Id.* (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). The standing requirement applies to each claim asserted and each form of relief sought. *Lutter v. JNESO*, 86 F.4th 111, 124 (3d Cir. 2023) (cleaned up).  Injury in fact is the foremost component of standing, and it requires a plaintiff to "show an invasion of a legally protected interest that is both concrete and particularized, and actual or imminent, not conjectural or hypothetical." *Lewis*, 98 F.4th at 459 (quoting *Yaw v. Del. River Basin Comm'n*, 49 F.4th 302, 310–11 (3d Cir. 2022) (cleaned up)).  For a plaintiff to have standing to seek prospective injunctive relief, she must establish "that she is likely to suffer future injury from the defendant's conduct." *In re Johnson & Johnson Talcum Powder*

*Prod. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d 278, 292 (3d Cir. 2018) (cleaned up). The threat of future injury must be imminent, meaning "certainly impending" or at least "a substantial risk that the harm will occur." *Nat'l Shooting Sports Found. v. Att'y Gen. of New Jersey*, 80 F.4th 215, 219 (3d Cir. 2023) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (cleaned up)). An injury based on speculation "is not enough to sustain Article III standing." *Finkelman v. Nat'l Football League*, 810 F.3d 187, 200 (3d Cir. 2016).

Mootness is another doctrine that arises from the Case or Controversy requirement of Article III. A case is moot, thus no longer justiciable, when the parties no longer have a personal stake in the outcome. *Clark v. Governor of New Jersey*, 53 F.4th 769, 775 (3d Cir. 2022), *cert. denied sub nom. Clark v. Murphy*, 143 S. Ct. 2436 (2023). When a court can no longer grant effectual relief to the prevailing party, even where the lawfulness of the defendant's conduct that precipitated the suit remains hotly contested, the case is no longer justiciable. *Id.* (citations omitted).

There is a narrow exception to the mootness doctrine where the legal issue is "capable of repetition yet evading review." *United States v. Sanchez-Gomez*, 584 U.S. 381, 391 (2018) (quoting *Kingdomware Technologies, Inc. v. United States*, 579 U.S. 162, 170 (2016) (cleaned up)). It is the plaintiff's burden to establish two elements to satisfy the capable of repetition yet evading review exception to the mootness doctrine: "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the

same complaining party will be subjected to the same action again." *Id.* (quoting *Turner v. Rogers*, 564 U.S. 431, 439–440 (2011) (cleaned up); *Parkell v. Danberg*, 833 F.3d 313, 333 (3d Cir. 2016).

### C.  Elements of Eighth Amendment Failure to Protect Claim

The elements of an Eighth Amendment claim that a prison official failed to protect an inmate from violence by another inmate are: "(1) [the inmate] was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Proctor v. James*, 811 F. App'x 125, 128 (3d Cir. 2020) (quoting *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)).  Conclusory allegations are not sufficient, a plaintiff must allege facts that plausibly establish deliberate indifference to a substantial risk to a prisoner's safety.  *Id.*

### D.  Plaintiff lacks standing on his Eighth Amendment failure to protect claim because he does not allege imminent future injury.

Anticipating that Plaintiff would suggest he is in imminent harm from other inmates with violent histories and/or mental illness, Defendant argues such a claim is too speculative to satisfy standing for prospective injunctive relief.  Mot. to Dismiss at 12, Dkt. 20-1.  Plaintiff's failure to protect claim is moot, Defendant contends, because the Court in unable to provide meaningful relief to protect Plaintiff from Rockey, an inmate who is no longer incarcerated in the same facility.

*Id.* at 16-17.

In opposition to Defendant's motion to dismiss, Plaintiff asserts Defendant's failure to protect his safety can be redressed by enforcing the de-escalation training requirement in the First Step Act and installation of security cameras under the Prison Camera Reform Act of 2021. Pl's Opp. Br. at 16-17, Dkt. 23. In addition, Plaintiff maintains that his failure to protect claim is not about Rockey, it is about Defendant's failure to protect all prisoners from mentally ill and violent inmates. *Id.* at 20. In that vein, Plaintiff alleges he continues to suffer an actual threat of injury by other mentally ill, violent inmates. *Id.* He alleges there were three inmates who were assaulted in Housing Unit 5852, where he was housed between January and April 2024. *Id.* at 21-22.[5] When Plaintiff was returned to general population in May 2024, there were five inmate on inmate assaults in a short period of time. *Id.* at 22-23. In response to this argument, Defendant maintains that Plaintiff's fear of attack by any violent or mentally ill inmate is not a "real and immediate" threat that would support Plaintiff's standing to seek prospective injunctive relief. Def's Reply Br. at 3, Dkt. 24.

Plaintiff's first contention, that Defendant's failure to protect his safety can be

---

[5] To establish eligibility for an injunction, "the inmate may rely, in the district court's discretion, on developments that postdate the pleadings …, as the defendants may rely on such developments to establish that the inmate is not entitled to an injunction." *Farmer v. Brennan*, 511 U.S. 825, 846 (1994).

redressed by enforcing the First Step Act[6] or by installation of security cameras

under the Prison Camera Reform Act of 2021,[7] misses the mark.  Plaintiff brought

an Eighth Amendment failure to protect claim for prospective injunctive relief,

therefore, he must establish he is likely to suffer a future injury from Defendant's

---

[6] Title IV, Section 606 of the First Step Act, P.L. 115-391, December 21, 2018, 132 Stat. 5194, mandates incorporation of specialized de-escalation procedures into training programs for BOP staff.  The statute does not provide training for inmates. Enforcement of this statute would not address a situation like that alleged in the complaint, an inmate was in a position where he was required to de-escalate a verbal altercation with another inmate to avoid a physical altercation.

[7] The Prison Camera Reform Act of 2021,  Pub. L. 117-321, Dec. 27, 2022, 136 Stat. 4430, provides, in pertinent part:

> "Sec. 3. Required plan for reform of BOP security camera and radio coverage and capabilities.

> "(a) Plan.--Not later than 90 days after the date of enactment of this Act, the Director of the Bureau of Prisons shall—

> "(1) evaluate the security camera, land-mobile radio (referred to in this Act as 'LMR'), and public address (referred to in this Act as 'PA') systems in use by the Bureau of Prisons as of the date of enactment of this Act; and

> "(2) submit to the Committee on the Judiciary of the Senate and the Committee on the Judiciary of the House of Representatives a plan for ensuring that all Bureau of Prisons correctional facilities have the security camera, LMR, and PA system coverage and capabilities necessary to--
> "(A) ensure the health and safety of staff and Federal inmates; ….

alleged misconduct.  *In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d at 292.  The ability to provide the type of injunctive relief sought by enforcing a statute is immaterial to the standing issue here.  The question is whether Plaintiff is likely to suffer a future injury from Defendant's alleged misconduct, his deliberate indifference to the risk that Rockey, with his known violent history and mental illness, would assault Plaintiff, who had no means to stop the assault without physically engaging Rockey.

Plaintiff's second argument, that his failure to protect claim is not about Defendant's failure to protect him from Rockey, it is about Defendant's failure to protect all inmates from assault by violent and/or mentally unstable inmates, fares no better to establish standing for prospective injunctive relief.  Plaintiff alleges three inmates were assaulted in the RDAP housing unit where he was assigned after the altercation with Rockey.   Pl's Opp. Br. at 21-22, Dkt. 23.  Plaintiff was then moved to general population, where there were five inmate on inmate assaults.  *Id.* at 22-23.  Unlike his allegations concerning Rockey, Plaintiff has not alleged Defendant is aware of any inmates in the RDAP Unit or general population who have a violent history or mental illness and pose a substantial risk to Plaintiff's safety.  To have standing, the threat of injury to the plaintiff must be imminent.  *Nat'l Shooting Sports Found.*, 80 F.4th at 219.  A generalized fear of attack by a violent or mentally unstable inmate is insufficient to state a failure to protect claim under the Eighth Amendment.  *See Blackstone v. Thompson*, 568 F. App'x 82, 84 (3d Cir. 2014) (quoting *Bistrian v. Levi*, 696 F.3d 352, 371 (3d Cir. 2012) ("The risk that

an inmate with some history of violence might attack another inmate for an unknown reason … is too speculative to give rise to an Eighth Amendment claim.") Therefore, Plaintiff's assertion that he faces a substantial risk of assault in the future, by some other inmate with a history of violence or mental illness, does not establish standing for prospective injunctive relief on his Eighth Amendment failure to protect claim.

In sum, Plaintiff no longer suffers a substantial risk of harm from assault by Rockey. Plaintiff acknowledged he and Rockey had been reassigned to different housing units. Compl. at 10-11 Dkt. 1-1. At the time the complaint was filed, there remained a possibility Plaintiff and Rockey could be housed together in the future. In support of Defendant's factual attack on jurisdiction, Defendant submitted evidence that Rockey was released from FCI Fort Dix on February 9, 2024. Kerr Decl. ¶ 1, Attach. 1, Dkt. 20-2. Rockey no longer poses a threat to Plaintiff's safety. The concrete bench in Housing Unit 5841 no longer presents a threat to Plaintiff's safety because Plaintiff is no longer housed in Unit 5841. Compl. at 79, Dkt. 1-1. Plaintiff has not met his burden to establish standing for prospective injunctive relief on his Eighth Amendment failure to protect claim. Therefore, the Court will grant Defendant's Rule 12(b)(1) motion to dismiss Ground Three of the complaint.

### E.  Plaintiff's Fifth Amendment Due Process Claim is Moot.

Defendant contends Plaintiff's Fifth Amendment due process claim for prospective injunctive relief permitting all prisoners to present witnesses or witness statements at prison disciplinary hearings is moot because Plaintiff's challenge to his

prison disciplinary hearing concluded with this Court's denial of his habeas corpus petition in *Salamon v. Knight*, 23-cv-72 (RMB).  Mot. to Dismiss at 19-20, Dkt. 20-1. Plaintiff argues his request for injunctive relief is not moot because he has a motion for reconsideration pending in his habeas corpus proceeding.  Pl's Opp. Br. at 7, Dkt.  23.

This Court takes judicial notice of the Opinion and Order denying Plaintiff's motion for reconsideration in his habeas proceeding, *Salamon v. Knight*, Civil Action No. 23-72 (RMB), Opinion, Dkt. No. 20; Order, Dkt. No. 21.  While Plaintiff could appeal the denial of his habeas petition and potentially obtain a new prison disciplinary hearing, there is no reasonable expectation that the DHO would not permit him to present witness testimony or witness statements in a new hearing. Speculation of a future injury "is not enough to sustain Article III standing." *Finkelman*, 810 F.3d at 200.  Furthermore, courts have not found an exception to the mootness doctrine which relies on the likelihood an inmate will subject himself to a disciplinary hearing by failing to follow prison rules in the future. *See, e.g., Incumaa v. Ozmint*, 507 F.3d 281, 289 (4th Cir. 2007); *Ind v. Colorado Dep't of Corr.*, 801 F.3d 1209, 1216 (10th Cir. 2015).  Therefore, Plaintiff's Fifth Amendment due process claim for prospective injunctive relief is moot.

## IIII.  CONCLUSION

For the reasons stated above, the Court will grant Defendant's Rule 12(b)(1) motion to dismiss Plaintiff's claims for lack of jurisdiction.

An appropriate Order follows.


Date:  November 14, 2024

<u>s/Renée Marie Bumb</u>
Chief United States District Judge
United States District Court, District of New Jersey